ehUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **LAWRENCE SHAFRON,** | : | Case No.  1:09-CV-638 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| **v.** | : | |
| **AVIVA LIFE AND ANNUITY,** *et al.***,** | : | **MEMORANDUM & ORDER** |
| **Defendants.** | : | |

Before the Court are the Plaintiff Lawrence Shafron's Objections to the Defendants' Bill of Costs.  (Doc. 51.)  These objections are **OVERRULED IN PART**.

### I. PROCEDURAL HISTORY

On March 23, 2009, Shafron filed suit against Defendants Aviva Life and Annuity ("Aviva"), American Investors Life Insurance Company ("AIL"), Brian J. Adair ("Adair"), and Adair Financial Group ("AFG").  (Doc. 1.)  Discovery commenced, but on March 23, 2010, Shafron moved to dismiss his lawsuit without prejudice.  (Doc. 45.)  That same day, Defendants Adair and AFG filed a response in which they indicated no objection to Shafron's Motion, but in which they asked to be declared "prevailing parties" under Fed. R. Civ. P. 54(d).  (Doc. 46.)  On April 1, 2010, Defendants Aviva and AIL joined in the Adair/AFG Response.  (Doc. 47.)  Shafron did not object to the Defendants' Response.

On April 15, 2010, this Court dismissed the lawsuit without prejudice and found the Defendants to be "prevailing parties" for purposes of Rule 54(d).  (Doc. 48.)  On April 21, 2010, Adair and AFG filed a bill of costs.  (Doc. 49.)  On April 22, 2010, Aviva and AIL did the same.

(Doc. 50.) On April 28, 2010, Shafron filed the objections now pending before the Court. (Doc. 51.)

On July 20, 2010, the Court ordered Adair, AFG, Aviva, and AIL to file a response to Shafron's objections. (Doc. 52.) On July 24, 2010, Adair and AFG filed responses (Doc. 53), and on July 30, 2010, Aviva and AIL followed suit (Doc. 54). Shafron did not file a reply brief.

## II. DISCUSSION

Shafron's primary objection to the Defendants' bill of costs is that the Defendants' submission was not accompanied by a description explaining why those costs were reasonable and necessary. (Doc. 54.) Both Defendants have now filed such a description, and Shafron does not assert that these descriptions are in any way inadequate. To the extent that Shafron objected initially to the Defendants' bill of costs on this ground, then, his objection is overruled.[1]

Shafron, however, also objected to the Defendants' request that he be taxed the cost of their pro hac vice fees. As this Court explained in its July 20, 2010 Order, it is the practice in this district not to award such fees. (Doc. 52.) While the Court has considered whether to deviate from this practice in light of the arguments advanced by the Defendants, the Court ultimately concludes both that there is value in maintaining complete uniformity throughout the district and that pro hac vice fees are different in kind from other court costs, however understandable a party's choice to incur them.

Accordingly, the Court now **OVERRULES IN PART** Shafron's Objections (Doc. 51) and **ORDERS** Shafron to remit $1177.77 to Adair and AFG, and $120.00 to Aviva and AIL.

---

[1] As explained in the Court's July 20, 2010 Order, Shafron's Objections are also overruled to the extent that he argued that an assessment of costs would result in a windfall should Shafron choose to initiate litigation against the Defendants in the future.

**IT IS SO ORDERED.**

                                                              <u>s/Kathleen M. O'Malley</u>
                                                              **KATHLEEN McDONALD O'MALLEY**
                                                              **UNITED STATES DISTRICT JUDGE**

**Dated: August 11, 2010**